IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                ORDER

         v.                         04-CR-54-C-01

KHARI R. SANDERS,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

A hearing on the probation office's petition for judicial review of Khari R. Sanders' supervised release was held on December 12, 2008, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney Rita M. Rumbelow. Defendant was present in person and by counsel, David R. Karpe. Also present was Senior United States Probation Officer William T. Badger, Jr.

From the record, I make the following findings of fact.

FACTS

Defendant was sentenced in the Western District of Wisconsin on December 7, 2004, following his conviction for possession of a stolen firearm, in violation of 18 U.S.C. § 922(j). This offense is a Class C felony. He was committed to the custody of the Bureau of Prisons to serve a term of imprisonment of 24 months, with a 36-month term of supervised release to follow.

Defendant began his first term of supervised release on April 21, 2006.   On November 14, 2006, his supervised release was revoked because he had used alcohol and marijuana.   Defendant was sentenced to 24 months' imprisonment with 12 months' supervised release to follow.

On July 25, 2008, defendant began a 12-month term of supervised release.   In October 2008, he violated Standard Condition No. 11, requiring him to notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.   Defendant failed to contact his probation officer following his October 26, 2008 contact with the Menasha, Wisconsin police department following a disorderly conduct incident involving April C. Brandt.   (Menasha, Wisconsin, Incident Report No. MP08-004256).

October 27, 2008, defendant violated Special Condition No. 8, requiring him to submit to drug testing, when he failed to report for a drug test as directed by the U.S. Probation Office.

Defendant's conduct falls into the category of Grade C violations.   Section 7B1.1(a)(3) of the advisory sentencing guidelines provides that the court has discretion to revoke supervised release, extend it or modify the conditions of release upon a finding of Grade C violations.

CONCLUSIONS

Defendant's violations warrant revocation.   Accordingly, the 12-month term of supervised release imposed on defendant on November 14, 2006, will be revoked.

2

Defendant's criminal history category is I.  With  Grade C violations and a criminal history category of I, defendant has an advisory guideline term of imprisonment range of 3 to 9 months. The statutory maximum to which defendant can be sentenced upon revocation is 24 months, pursuant to 18 U.S.C. § 3583(e)(3), which provides that a person whose term of supervised release is revoked may not be required to serve more than two years if the offense for which defendant was sentenced previously was a Class C felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence within the middle of the guideline range.  The intent of this sentence is to hold defendant accountable for his violations and promote deterrence.


ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on November 14, 2006, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of six months.  No term of supervised release shall follow.  Defendant is to be registered with local law enforcement agencies and the state attorney general before his release from confinement.

3

Defendant does not have the financial means or earning capacity to pay the cost of incarceration.

Entered this  12th  day of December, 2008.

BY THE COURT:

/s/

BARBARA B. CRABB
Chief District Judge